# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARCO HIBBLER,<br><br>      Plaintiff,<br>v.<br><br>STEVEN JOHNSON, A. SCHMIDT,<br>UNIT MANAGER PAWLAK,<br>HEALTH SERVICE, and SECURITY<br>DIRECTOR,<br><br>      Defendants. | Case No. 24-CV-1064-JPS<br><br><br>**ORDER** |

   Plaintiff Marco Hibbler, an inmate confined at Milwaukee Secure Detention Facility ("MSDF"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.  MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

   The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

   On October 24, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $47.98. ECF No. 10. Plaintiff paid that fee on November

13, 2024. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff entered MSDF on or about January 9, 2024. ECF No. 1 at 2. Plaintiff came into the facility healthy, and he received a routine COVID-19 test. *Id.* Plaintiff brings his complaint because prison officials exposed him to COVID-19. *Id.* C.O. Trewick ("Trewick") exposed Plaintiff to COVID-19 sometime in July 2024. *Id.* Trewick was the only officer wearing a mask and coughing. *Id.* Plaintiff did not realize Trewick was sick until he got sick himself. *Id.* Plaintiff experienced COVID-19 symptoms as a result of his exposure. *Id.* Plaintiff was charged $7.50 for medical services. MSDF staff failed to take reasonable steps to prevent the spread of COVID-19. *Id.*

### 2.3 Analysis

Plaintiff's allegations about his exposure to and eventual contraction of COVID-19 implicate his rights under the Eighth Amendment. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To demonstrate a violation of the Eighth Amendment, a prisoner must make two showings. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* at 834 (quotations

omitted). "For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* The second requirement is that the prison official was deliberately indifferent "to inmate health or safety," *id.*, meaning that he was both aware of and disregarded "an excessive risk to inmate health or safety," *id.* at 837.

Courts have held that the risk of exposure to COVID-19 in prison satisfies the objective standard of an Eighth Amendment claim. *See Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (recognizing that "[t]he COVID-19 virus creates a substantial risk of serious harm leading to pneumonia, respiratory failure, or death"); *see also Ducksworth v. Utter*, No. 21-cv-97-PP, 2022 WL 3647884, at *4 (E.D. Wis. Aug. 24, 2022); *Stewart v. Haese*, No. 20-cv-1494-NJ, 2022 WL 1750523, at *2-3 (E.D. Wis. 2022). Thus, the relevant question in determining if Plaintiff states a claim is whether Defendants' actions demonstrated deliberate indifference to that risk of harm. The key inquiry is not whether Defendants perfectly responded or whether their efforts ultimately averted the risk; instead, the key inquiry is whether they "responded reasonably to the risk." *See Wilson*, 961 F.3d at 840-41 (quoting *Farmer*, 511 U.S. at 844).

Here, the Court does not find that Plaintiff states sufficient factual allegations to proceed against Defendants for an Eighth Amendment deliberate-indifference claim. Plaintiff alleges that Defendants failed to prevent his exposure to COVID-19. Plaintiff does not, however, allege facts showing that any defendant was aware of Trewick's illness. As currently pled, Plaintiff's allegations at most show negligence, but nothing indicates that Defendants were aware of the risk or intentionally exposed him to COVID-19. Plaintiff may state a state-law negligence claim; however, in the

absence of a federal claim, the Court cannot exercise supplemental jurisdiction over a state-law negligence claim. The Court will provide Plaintiff the opportunity to amend the complaint and provide more information. If Plaintiff believes he can successfully state an Eighth Amendment claim, he must file an amended complaint curing the deficiencies as described herein. An amended complaint must be filed on or before **January 2, 2025**. Failure to file an amended complaint within this time period may result in dismissal of this action.

When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the prior complaint. *See Duda v. Bd.*

Page 5 of 8
Case 2:24-cv-01064-JPS    Filed 12/11/24    Page 5 of 8    Document 11

*of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a federal claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **January 2, 2025**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on a lack of jurisdiction;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $302.02 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance

Page 6 of 8
Case 2:24-cv-01064-JPS    Filed 12/11/24    Page 6 of 8    Document 11

with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 11th day of December, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

<span style="color:red">Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

        Office of the Clerk
        United States District Court
        Eastern District of Wisconsin
        362 United States Courthouse
        517 E. Wisconsin Avenue
        Milwaukee, Wisconsin 53202</span>

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.