# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARCO HIBBLER,

                Plaintiff,

v.

STEVEN JOHNSON, A. SCHMIDT,
UNIT MANAGER PAWLAK,
HEALTH SERVICE, and SECURITY
DIRECTOR,

                Defendants.

Case No. 24-CV-1064-JPS

**ORDER**

      Plaintiff Marco Hibbler, an inmate confined at Milwaukee Secure Detention Facility ("MSDF"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On December 11, 2024, the Court screened Plaintiff's complaint, found that it failed to state a claim, and allowed him the opportunity to file an amended complaint. ECF No. 11. On January 13, 2025, Plaintiff filed an amended complaint. ECF No. 14. This Order screens his amended complaint.

**1.  FEDERAL SCREENING STANDARD**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.  **PLAINTIFF'S ALLEGATIONS**

On March 23, 2023, Governor Tony Evers issued an emergency order to mitigate the spread of COVID-19 in state prisons. ECF No. 14 at 1. One week later, the CDC released guidance on how to prevent the spread of COVID-19 in prisons. *Id.* Plaintiff maintains that staff at MSDF did not take these measures to prevent the spread of COVID-19. *Id.* When Plaintiff

arrived at MSDF on January 9, 2024, he tested negative for COVID-19. *Id.* However, Plaintiff was placed in a unit with multiple sick inmates and he later contracted COVID-19. *Id.* C.O. Trewick ("Trewick") came to work with a chronic cough, which is a common symptom of COVID-19. *Id.* Trewick should not have been allowed to spread COVID-19. *Id.* When Trewick later tested positive for COVID-19, he was placed on temporary sick leave. *Id.* Plaintiff maintains he contracted COVID-19 because of MSDF staff negligence. *Id.*

### 3. ANALYSIS

Plaintiff's allegations about his exposure to and eventual contraction of COVID-19 implicate his rights under the Eighth Amendment. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To demonstrate a violation of the Eighth Amendment, a prisoner must make two showings. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* at 834 (quotations omitted). "For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* The second requirement is that the prison official was deliberately indifferent "to inmate health or safety," *id.*, meaning that he was both aware of and disregarded "an excessive risk to inmate health or safety," *id.* at 837.

Courts have held that the risk of exposure to COVID-19 in prison satisfies the objective standard of an Eighth Amendment claim. *See Wilson*

*v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (recognizing that "[t]he COVID-19 virus creates a substantial risk of serious harm leading to pneumonia, respiratory failure, or death"); *see also Ducksworth v. Utter*, No. 21-cv-97-PP, 2022 WL 3647884, at *4 (E.D. Wis. Aug. 24, 2022); *Stewart v. Haese*, No. 20-cv-1494-NJ, 2022 WL 1750523, at *2-3 (E.D. Wis. 2022). Thus, the relevant question in determining if Plaintiff states a claim is whether Defendants' actions demonstrated deliberate indifference to that risk of harm. The key inquiry is not whether Defendants perfectly responded or whether their efforts ultimately averted the risk; instead, the key inquiry is whether they "responded reasonably to the risk." *See Wilson*, 961 F.3d at 840–41 (quoting *Farmer*, 511 U.S. at 844).

Here, the Court does not find that Plaintiff states sufficient factual allegations to proceed against Defendants for an Eighth Amendment deliberate-indifference claim. Plaintiff alleges that Defendants failed to prevent his exposure to COVID-19. Plaintiff does not, however, allege facts showing that any defendant was aware of Trewick's illness. As currently pled, Plaintiff's allegations at most show negligence, but nothing indicates that Defendants were aware of the risk or intentionally exposed him to COVID-19. Plaintiff may state a state-law negligence claim; however, in the absence of a federal claim, the Court cannot exercise supplemental jurisdiction over a state-law negligence claim.

4. **CONCLUSION**

In sum, the Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the prior screening order, and the Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of*

*Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court will dismiss this case without prejudice for a lack of subject-matter jurisdiction, and Plaintiff may choose to pursue a negligence claim in state court.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for a lack of subject-matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

> Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).
>
> A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.